JOHANNA CAHILL v. THE TEXAS-MEXICAN RAILWAY COMPANY.

No. 2600.

1. **Recitals in Judgment.**—In a judgment rendered by a justice of the peace it was recited that the parties "came by their attorneys and announced themselves ready for trial;" that a jury was duly empanneled, who, "after hearing the evidence and the argument of counsel, retired to consider of their verdict." *Held*, that the record showed a trial upon the merits so as to preclude special exceptions in the District Court on appeal attacking the jurisdiction of the justice of the peace over the matter in controversy.

2. **Forcible Entry and Detainer—Complaint.**—A complaint in forcible entry and detainer is defective unless it shows affirmatively that the property is situated in the precinct where the suit is brought.

APPEAL from Nueces. Tried below before Hon. J. C. Russell.

Action of forcible detainer by appellant, Johanna Cahill, against the appellee, the Texas-Mexican Railway Company, was brought in Justice Court of Precinct No. 1 of Nueces County, for possession of lot No. 2, block No. 2, in the beach part of the city of Corpus Christi.

Complaint filed December 24, 1884, and tried December 31, 1884, complainant recovering.   Appealed to District Court, the County Court having no civil jurisdiction.   Transcript filed January 15, 1885.   The record does not show what plea, if any, was filed by the defendant; but in the District Court a motion was made to quash the complaint and affidavit, because it was uncertain, and it did not show that the justice of Precinct No. 1 had jurisdiction of the subject matter.   The motion was filed August 3, 1888, and sustained same day, after five continuances in the District Court.

Plaintiff appealed.

*Pat. O'Doherty,* for appellant. —1.   A party who appears and pleads the general issue waives all dilatory pleas and pleas of privilege, and admits the jurisdiction of the court.   De la Vega v. League, 64 Texas, 205; Williams & Co. v. Verne, 68 Texas, 414; Rice, Stix & Co. v. Peteet, 66 Texas, 568.

2.   No plea to the jurisdiction of the Justice Court having been filed in that court, the question of jurisdiction can not be raised upon appeal to the District Court.   De la Vega v. League, 64 Texas, 205; Railway v. Phillips, 63 Texas, 591; Railway v. Brett, 61 Texas, 483; Williams & Co. v. Verne, 68 Texas, 414.

No brief for appellee has reached the Reporter.

COLLARD, JUDGE.—The record does not show that defendant made any answer in the Justice Court, but the judgment recites that the parties "came by their attorneys and announced themselves ready for trial;" that a jury was duly empanneled, who, "after hearing the evidence and the argument of counsel, retired to consider of their verdict," etc.   We think this was such an appearance and submission of the case upon the merits as would preclude defendant from afterwards on appeal filing a plea to the jurisdiction, or raising the question by special exceptions.   The judgment recites enough to show that there was a trial on the merits; and though there is no entry on the justice's docket showing what pleas were filed or made, we are informed that there was a trial upon submission of the evidence and the law.   From aught that appeared, defendant waited until the case was appealed to the District Court, and there filed a motion to dismiss the complaint because it did not affirmatively show that the property was situated in the precinct of the justice trying the case.   We think he had waived his right to demur to the jurisdiction.   Rice, Stix & Co. v. Peteet, 66 Texas, 568.

It will not be presumed that the justice failed to perform his duty in entering on his docket the pleadings insisted on by the parties.   Rev. Stats., art. 1573; Maass v. Solingsky, 67 Texas, 290.

It was too late after the appeal to present the demurrer for the first time.   Clay v. Clay, 7 Texas, 254.

Had the demurrer or motion to dismiss been presented in the Justice Court in due order, it should have been sustained, as the statute requires the complaint to show the fact that the property is situated in the pre-cinct where the suit is brought.   Rev. Stats., arts. 2443, 2445.

The complaint is merely informal in not alleging a jurisdictional fact;. it does not appear as a fact that the property is not situated in the pre-cint where the suit was brought.   If such fact did affirmatively appear, there might be a distinction made upon the ground that the justice had no power to try the cause, but we express no opinion upon that subject.

We conclude that the judgment of the court below should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*.

Adopted January 28, 1890.