## J. H. Wooley v. Sam Corley.

Decided October 21, 1909.

**1.—Appeal from Justice Court—New Cause of Action—Practice.**

When, upon appeal from a Justice to a County Court, proper objection is
made to the pleading of the plaintiff that it sets up a new cause of action,
an issue of fact is presented which must be determined by evidence, and not a
question of law which the court may dispose of upon an exception, without
evidence.

**2.—Same—Citation—Pleading.**

The citation issued by a justice of the peace is not a part of the pleading
of the plaintiff in the cause, and should not be relied upon in determining
whether the cause of action asserted by the plaintiff in the County Court was the
same as that asserted in the Justice Court.

**3.—Same—Same Cause of Action.**

The fact that in the Justice Court the defendant was charged with
having committed a trespass upon plaintiff's land through agents, and on appeal
to the County Court with having committed the same wrong jointly with
another party, would not change the nature of the trespass complained of nor
constitute a new cause of action.

**4.—Same—Statute Construed.**

The plaintiff in a case appealed from the Justice to the County Court has
a right to state in the County Court the details of his case somewhat differently
from the manner in which they were pleaded in the Justice Court, even though
it amount to new matter, and he would not thereby set up a new cause of
action or violate the statute.

Appeal from the County Court of Red River County. Tried below
before Hon. J. M. Deaver.

*Chambers & Black,* for appellant.—Where a suit is originally insti-
tuted in the Justice Court and is tried on the oral pleadings of the
parties and an appeal is taken to the County Court, and the record
sent up from Justice Court is silent as to what were the pleadings in
said court, except to show the claim or demand which was lodged with
the justice of the peace on the date when suit was brought, and a
brief entry on the justice docket as follows: "Suit upon an account

· of $165 of date October, 1907," it is error for the court to sustain an exception to the written pleadings of the plaintiffs filed in the County Court on appeal, on the ground that there has been a change from the original cause of action pleaded in Justice Court below, because it will be presumed that the oral pleadings of the plaintiff in the Justice Court were sufficient against the exceptions urged against them. Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 88; Postal Tel. Co. v. Levy & Co., 102 S. W., 135; Williams v. Deen, 23 S. W., 537; Sanger v. Noonan, 27 S. W., 1056; Gholston v. Ramey, 30 S. W., 714; Howard v. Faggard, 32 S. W., 189, on motion for rehearing; Kerr v. Murrell, 1 Texas App., Civ., 508.

The claim or demand which is lodged with the justice of the peace when a suit is brought in his court, and the citation which issues thereon, do not constitute the pleadings of the plaintiff in Justice Court, and it is error for the court to assume, for the purpose of passing upon an exception, that such is the case. Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 88; Williams v. Deen, 24 S. W., 537; Kerr v. Murrell, 1 Texas App., Civ., 508; Postal Tel. Co. v. Levy & Co., 102 S. W., 134.

Appellant's second amended petition did not set up a new cause of action from that pleaded in Justice Court below, but was the same identical cause of action against the same identical defendant stated in a more amplified and explicit manner in writing than was pleaded orally in Justice Court, and it was error for the court to sustain defendant's first special exception to it. Wright v. Dotson, 93 S. W., 1075; City of Van Alstyne v. Morrison, 33 Texas Civ. App., 670; City of Dallas v. McAllister, 30 S. W., 452; Hunter & Lee v. Hatler & Osborne, 1 Texas App., Civ., 592; Porterfield v. Taylor, 60 Texas, 264.

*Kennedy & Robbins*, for appellee.—The court did not err in looking to citation to ascertain appellant's pleading in Justice Court because, in the absence of written pleadings and the brief statement required to be made by the justice of the peace on his docket of the nature of pleadings that were made in the trial of civil cases in such court, on appeal therefrom, in determining the nature of pleadings that were made before such court, it is proper to look to the account filed and the citation issued thereon, as these, in such cases, will be presumed to constitute plaintiff's pleadings. Sayles' Civ. Stats., art. 1600; International & G. N. Ry. Co. v. Phillips, 63 Texas, 592; Maass v. Solingsky, 67 Texas, 291.

Although pleading in Justice Court may be oral, yet, on appeal therefrom, it will not be presumed that oral pleadings were made different from and contradicting the nature of plaintiff's demand or cause of action as set out in citation issued by such court. Morris v. Long, 26 S. W., 467; Harrington Lbr. Co. v. Smith, 44 Texas Civ. App., 363.

The court did not err in sustaining exceptions to appellant's second amended petition on account of material variance and departure from pleadings in Justice Court, because (1) said amended petition alleged a conversion of different property and a different measure of damages

from that alleged in Justice Court. 25 Cyc., 1545 (1 B-1, C.); Barclay v. Smith, 36 So., 449; Kramer v. Gille, 140 Fed., 682.

(2) It alleged a conversion of property occurring after the institution of the suit in the Justice Court. Sun Life Ins. Co. v. Murff, 31 Texas Civ. App., 592; O'Maley v. Garriott, 49 S. W., 108; Red Diamond Clothing Co. v. Steideman, 97 S. W., 220; Pape v. Carlton, 109 N. W., 968; Martin v. Hanson, 38 So., 560.

(3) It alleged a conversion by joint tort feasors, a conversion by concert in action, by direct participation, whereas in Justice Court a single and separate tort—a tort by relationship only—was charged. Lee v. Boutwell, 44 Texas, 152; Phoenix Lbr. Co. v. Houston Water Co., 68 S. W., 709; East Line & R. R. Co. v. Scott, 75 Texas, 84; Taylor v. Read, 51 Texas Civ. App., 600; Palmer v. Spandenberg, 49 Texas Civ. App., 331; Missouri, K. & T. Ry. Co. v. Levy, 23 Texas Civ. App., 686; White v. Preston, 15 S. W., 712; York v. Fortenbury, 25 Pac., 163; Miller v. Ditch Co., 25 Pac., 550; Livesay v. First Nat'l Bank of Denver, 86 Pac., 102; Sturzebecker v. Inland Trac. Co., 60 Atl., 583; Sessions v. Johnson, 95 U. S., 347.

Said amended petition deprives appellee of the right of seeking contribution from his alleged joint tort feasor, in this, should the evidence show that appellee was guilty of no intentional wrong, then the right of contribution would exist, but his alleged joint tort feasor can not now be made a party to the suit, thus depriving him of this relief should any judgment be rendered against him. San Antonio v. Smith, 94 Texas, 266; Land Mortgage Bank v. Voss, 29 Texas Civ. App., 11.

HODGES, ASSOCIATE JUSTICE.—On the 12th day of November, 1907, the appellant instituted this suit in the Justice Court of precinct No. 1 of Red River County against the appellee for damages for the conversion of 55 trees valued at $165. The case was tried on the 30th of December following, resulting in a judgment in favor of the defendant in the suit. The appellant, plaintiff below, appealed to the County Court. The pleadings of the parties in the Justice Court were oral, and it appears from the record that the justice of the peace failed to make any notation upon his docket of what the pleadings were, as required by the statute. After being transferred to the County Court the cause was continued for one or more terms and the parties filed written pleadings. The case was called for trial upon a pleading styled "the second amended original petition," in which the appellant thus states his cause of action:

"That heretofore, to wit, at divers and sundry dates between the 1st day of September, A. D. 1907, and the 1st day of December, 1907, the defendant, Dr. Sam Corley, acting jointly with John Anderson, who resides near Clarksville, Texas, entered upon plaintiff's said land without plaintiff's consent or knowledge and against his wishes, and cut therefrom fifty-five trees standing on said land and which were the property of this plaintiff, and made them into 440 railroad cross-ties of the value of thirty-five cents each, and wilfully and wrongfully converted said cross-ties to their own use and benefit, to plaintiff's great damage $154."

And said second amended petition went further and pleaded in. the alternative as follows:

"Plaintiff further alleges that in the event that the proof shows that the defendant, Dr. Sam Corley, was not a party to the original cutting of the trees and the making of the ties, and was in no way connected therewith, that nevertheless he is still liable· to plaintiff in the amount of damages above specified, for the following good and sufficient reason, to wit: That after said trees were cut the defendant, acting jointly with John Anderson, wrongfully converted said ties and sold them to Jno. E. Barry and appropriated the proceeds to his own use and benefit, and that the defendant wilfully and wrongfully converted the 440 ties in the way and manner aforesaid, to plaintiff's great damage $154."

In reply to this the appellee filed his second amended answer in which appears the following objection, styled "An exception to the plaintiff's petition:"

"On October 28, 1908, the defendant filed his second amended answer in reply to plaintiff's second amended petition, which said answer consisted of special demurrers, general denial, and special answer, none of which need be noticed here except his first special exception, which in substance was as follows: 'The defendant was sued in the justice of the peace court, and from a judgment rendered therein this case is now pending in this court on appeal, for an individual and separate tort alleged by plaintiff to have been committed by defendant, acting by and through his servants and employes, in entering upon plaintiff's land and without his authority, consent or knowledge, and cutting and causing to be cut therefrom 55 trees of the value of $3 per tree; and plaintiff's second amended petition sets up a joint tort with one John Anderson, committed at a different time, and a joint conversion of different property and of different cause of action, with new and different parties, it can not and. should not be considered by this court, but should be stricken out and defendant discharged with his cost.' "

This objection was treated by the court as · an exception to the amended petition, was sustained, and the plaintiff's suit dismissed. Of this action the appellant complains in his first assignment of error.

The record contains no statement of facts, and the situation attending the action of the court and the evidence upon which he relied are presented in a bill of exception made out by the county judge, the parties being unable to agree upon a bill. This bill of exception shows that the cause was called for trial on the 28th of October, 1908, and was heard upon the defendant's exceptions to the plaintiff's amended petition. · The court, after hearing the same and argument of counsel, sustained the exception; and the plaintiff declining to amend, the case was dismissed. The bill, after reciting many things unnecessary here to mention, states that there was no evidence offered or attempted to be offered showing what the pleadings of the plaintiff in the Justice Court were, and that the court looked to the citation issued out of the Justice Court for the purpose of ascertaining what those ˙ pleadings were. From an inspection of the citation he concluded and held that the plaintiff's amended original petition alleges

a conversion by joint tort feasors, whereas in the Justice Court a single and separate tort only was charged against the defendant in the suit. Upon this ground he sustained the exception as before stated.

It is evident that the trial judge treated the citation issued out of the Justice Court as the plaintiff's pleading in that court. Article 358 of the statute provides that either party may plead any new matter in the County or District Court which was not presented in the court below, but no new cause of action shall be set up by the plaintiff, etc. It is also provided by article 1599 that when a claim or demand is lodged with the justice of the peace for suit, it shall be his duty to issue forthwith a writ or citation to the defendant, and in addition to other requirements the citation must state the nature of the plaintiff's demand. When a proper objection is made to the petition of the plaintiff for violating the inhibition against the setting up of a new cause of action in the County or District Court, this presents an issue of fact which must be determined in the same manner as are other issues of fact involved in the case, and not a question of law which the court may dispose of upon an exception without evidence. The citation is not a part of the pleading of the plaintiff in the Justice Court. (Kerr v. Murrell, 1 W. & W., p. 508.) It is a writ which the justice of the peace is required to issue and with which the plaintiff presumably has no connection. It is issued in advance of the appearance of the parties for trial and pleading. It may or may not contain a statement of the cause of action as pleaded by the plaintiff. Certainly the law will not presume that it does. Upon the appearance of the defendant the plaintiff may state a cause of action entirely different from the nature of the demand embodied in the citation. If the defendant answers the demand as pleaded he certainly is in no attitude thereafter to complain that the cause of action is not the same as that stated in the citation. We think the assignment of error should be sustained—that the court acted entirely without evidence to justify the ruling made.

But, assuming that the court's action was based upon sufficient evidence, that he had a right to consult the citation as the proper presentation of the nature of the plaintiff's cause of action in the Justice Court, we do not think it follows that he was justified in holding that the allegations contained in the petition in the County Court were so different from the nature of the demand as stated in the citation as to constitute a new cause of action. The nature of the demand as stated in the citation was that the defendant in the suit, acting through his agents, converted fifty-five trees and made them into cross-ties, and places his damages at $3 per tree; total, $165. In the amended petition filed in the County Court he charges that the defendant, acting in conjunction with another, converted the same number of trees and made them into cross-ties, and lays the damages at thirty-five cents per tie, aggregating the sum of $154. The conduct for which the plaintiff in the suit sought redress was the wrongful conversion of the timber by the defendant. The fact that in one court he is charged with having committed the wrongs through agents, and in another court with having committed the same wrongs jointly with another party, does not change the nature of the trespass complained

of. It neither increases nor diminishes the legal liability of the wrongdoer, nor does it charge him with a different tort. The defendant would be just as guilty, and his liability would be just as great, if he converted the timber in conjunction with another as if he had done it alone. The plaintiff in the suit had the right, if he felt disposed, to amend his pleading in the County Court so as to conform his allegations to the details of evidence which the facts might develop upon the trial of the cause. If in doing so he states those details somewhat differently from the manner in which they were pleaded in the Justice Court, even though it amount to new matter, he does not thereby set up a new cause of action or violate the statute.

The judgment of the County Court is therefore reversed and the cause remanded.

*Reversed and remanded.*