BARNARD & MORAN v. WILLIAMS. (No. 606.)

(Court of Civil Appeals of Texas. Amarillo. April 25, 1914. Rehearing Denied May 16, 1914.)

1. VENUE (§ 17*)—PRIVILEGE TO BE SUED IN COUNTY OF RESIDENCE—WAIVER.

A defendant who invokes the jurisdiction of the trial court by a cross-action thereby waives his plea of privilege to be sued in the county and precinct of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 28–31; Dec. Dig. § 17.*]

2. JUSTICES OF THE PEACE (§ 174*)—APPEAL—AMENDMENTS TO PLEADINGS.

A plaintiff suing in justice's court may on appeal to the county court amend his petition so as to conform to the evidence at the trial.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

3. JUSTICES OF THE PEACE (§ 174*)—ACTIONS—PLEADINGS.

A petition, in an action in justice's court, which states a cause of action on a written contract and in addition thereto a cause of action based on a subsequent oral contract, is not

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

subject to exceptions in the county court on appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

4. EVIDENCE (§ 445*)—PAROL EVIDENCE—ADMISSIBILITY.

Where an action was founded on a written contract and on a subsequent oral contract, proof of the oral contract not contradicting the written contract was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE.

Where, in an action for pasturing cattle, defendant reconvened for the conversion of cattle, and it was shown without objection that two of the cattle had died and that others had escaped through the fault of third persons, the error, if any, in admitting evidence of the custom of the country that parties taking cattle for pasturage were not responsible for the loss thereof, was not prejudicial, since plaintiff was only required to exercise ordinary care.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by J. E. Williams against Barnard & Moran. From a judgment for plaintiff, defendants appeal. Affirmed.

E. C. Gray, of Higgins, for appellants. Charles C. Cook, of Pampa, for appellee.

HALL, J. This is an appeal from the county court of Gray county. The suit was filed by appellee in the justice court, upon a written contract, whereby the defendants agreed to pay plaintiff $2.80 per head for keeping and pasturing certain cattle for them from November 1, 1912, to April 20, 1913. The contract also provided that if the cattle were delivered to plaintiff before November 1, 1912, defendants were to pay him $3 per head; that 680 head of cattle were received by plaintiff on October 10, 1912. Plaintiff alleges that at the time of entering into the contract it was mutually understood that the cattle were not to be placed in plaintiff's pasture until October 25th, and that on October 10, 1912, when said cattle were placed in there, the defendants agreed to pay plaintiff the reasonable value of the pasturage from October 10th to October 25th. From a judgment for plaintiff in the sum of $100, with interest from date, this appeal is prosecuted.

[1] The first assignment of error is that the court erred in overruling defendants' plea of privilege to be sued in the county and precinct of their residence. The record shows that this plea was filed in the justice court after motion to quash the citation had been sustained. In C. & M. Ry. Co. v. Morris & Crawford, 68 Tex. 49, 3 S. W. 457, the Supreme Court held that under R. S. of Texas 1879, art. 1243, providing that if the

citation or service is quashed upon motion of the defendant he shall be deemed to have entered his appearance to the succeeding term of the court, that the defendant had the option in such case to move to set aside the service or to appeal from any judgment rendered, and that it is not an unconstitutional act on the part of the Legislature to declare his appearance to quash the service shall be deemed a good appearance on the merits for the next term. M., K. & T. Ry. v. Scoggin, 57 Tex. Civ. App. 349, 123 S. W. 229. In any event, the appellants waived their plea of privilege and invoked the jurisdiction of the trial court by their cross-action for conversion. Ramsey v. Cook, 151 S. W. 346.

[2-4] Defendants filed a motion to strike out of plaintiff's first amended original answer the allegation as to the ambiguity of the written contract, because such allegation did not appear in the justice court. This is certainly not a new cause of action set up in the county court. The grounds of plaintiff's action in both courts are identical. It is said in Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139, that a plaintiff in an action in the justice court could amend his petition on appeal to the county court so as to conform it to the details of the evidence developed at the trial without violating the rule against pleading a new cause of action by amendment. The amended pleading in the county court did nothing more than this and did not constitute a new cause of action. Fowler v. Michael, 81 S. W. 321. Plaintiff's action was upon a written contract and in addition thereto upon a subsequent oral contract. Proof of the oral contract in no way tended to vary or contradict the terms of the written contract, and the petition was not subject to exception, nor did the court err in admitting parol evidence to sustain the allegation.

Appellant's third, fourth, sixth, seventh, and eighth assignments, raising this question, are overruled. Strauss v. Gross, 2 Tex. Civ. App. 432, 21 S. W. 305; Southern Kansas Ry. Co. v. Burgess, 90 S. W. 189; Heatherly v. Record, 12 Tex. 49.

[5] The fifth assignment is that the court erred in overruling the defendant's objection to the introduction of evidence showing the custom of the country, because the same was insufficiently alleged by plaintiff. The proposition announced by appellant is sound, but upon the whole record we think the error of the court was harmless. The defendants reconvened for the conversion of four head of cattle, and the evidence utterly failed to sustain the plea of conversion. It was shown, without objection, that two of the cattle had died; that the other two escaped through the fault of third parties. This testimony, not being objected to and being in explanation of the apparent default on the part of ap-

pellant, in our opinion renders harmless the testimony admitted and objected to, to the effect that, according to the custom of the country, parties taking cattle for pasturage were not responsible for the loss thereof.

The ninth assignment raises practically the same question and is also overruled.

The tenth assignment of error has been disposed of by what we have said in disposing of the third assignment.

The twelfth assignment complains of the finding of the court to the effect that the plaintiff was required to use only ordinary care and, having used such care, was not liable for the loss of the cattle, because there were no allegations in plaintiff's pleadings to the effect that plaintiff had used such care. The evidence upon this point was admitted without objection and is not even challenged in this court.

Finding no reversible error in the record, the judgment is affirmed.

Appellant's motions to strike out appellee's brief and transcript are overruled.