CHICAGO, R. I. & G. RY. CO. et al. v. GLADISH et al. (No. 764.)

(Court of Civil Appeals of Texas. Amarillo. April 10, 1915.)

1. COURTS ⬤169 — JURISDICTION — AMOUNT IN CONTROVERSY.

Where the amount in controversy is in excess of the court's jurisdiction, a portion thereof cannot be remitted to bring the matter within the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. ⬤169.]

2. COURTS ⬤170 — JURISDICTION — AMOUNT IN CONTROVERSY.

The amount demanded in the pleading fixes the amount in controversy, so as to determine the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. ⬤170.]

3. JUSTICES OF THE PEACE ⬤32—JURISDICTION.

The jurisdiction of the justice court over the subjects committed to it by the Constitution is as general and exclusive as that of the district courts.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. ⬤32.]

4. APPEAL AND ERROR ⬤1091 — PRESUMPTIONS.

In the absence of a transcript showing to the contrary, the presumption is that the judgment of the county court, rendered on appeal from justice court, is correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. ⬤1091.]

5. APPEAL AND ERROR ⬤1091 — PRESUMPTIONS—JUSTICES OF THE PEACE.

Though the transcript is silent, the citation issued by the justice is not necessarily regarded as the pleading on which the cause is submitted to the inferior court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. ⬤1091.]

6. APPEAL AND ERROR ⬤1091—JUDGMENT—PRESUMPTION.

Where there were no written pleadings either in the justice or the county court to which the case was appealed, other than defendants' general denial, it will be presumed that the oral pleadings of plaintiffs were such as to authorize proof of facts to support the judgment, though the citation issued by the justice was ambiguous and might have authorized judgment for an amount in excess of his jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4302–4311, 4331; Dec. Dig. ⬤1091.]

Appeal from Sherman County Court; J. W. Elliott, Judge.

Action by V. M. Gladish and others against the Chicago, Rock Island & Gulf Railway Company and others, begun in justice court, and appealed to county court. From a judgment there for plaintiffs, defendants appeal. Affirmed.

N. H. Lassiter, of Ft. Worth (Moore & Powell, of Dalhart, of counsel), for appellants. John H. H. Stahl, of Stratford, for appellees.

HENDRICKS, J. The appellees sued the appellant in the justice court to recover damages on account of alleged injury to cattle in transportation. The citations served upon the railway companies suggest an amount, considering the aggregate of the items of plaintiff's damage stated in the same, beyond the jurisdiction of the justice court. The defendants neither answered nor appeared in the justice court, and the judgment in that court was for "the sum of $200, with interest thereon at the rate of 6 per cent. per annum from ——— hereof," etc. The transcript on appeal from the justice to the county court, and also in this court, exhibits the following entries upon the justice court docket:

"Suit upon open account for damages for $200.00 of date due now; interest at ———. Filed 5th day of June, 1914. * * * July 27th, 1914. In open court on trial of this cause plaintiffs are given leave to amend their claims so as to read and ask for $9.00 extra feed bill at Herrington, caused by defendants' delays en route beyond the usual and reasonable time of transportation; with proviso that plaintiffs are in no event asking for judgment to exceed $200.00, interest and costs."

Standing alone, whether this is a demand for $200 or $209, we cannot say. The statement of the nature and result of the suit in the citation also contained a proviso:

"That plaintiffs claim the foregoing sums as damages [meaning the items embodied in said citation] with this proviso, that they are not asking more than a total judgment of $200.00, exclusive of interest and costs aforesaid."

[1, 2] We admit the rule that, where the amount in controversy by pleading is more than the jurisdiction of the court, a portion thereof cannot be remitted to bring the amount within the jurisdiction, where the amount demanded is a fixed sum (Railway Co. v. Canyon Coal Co., 102 Tex. 480, 119 S. W. 294); also the rule that the amount demanded in the pleading is the criterion of the real amount in controversy and not the amount indicated or demanded in the prayer.

[3-6] Our Supreme Court holds, however, that the jurisdiction of the justice court is as general and exclusive over the subjects committed to them by the Constitution as that of the district and county courts within their province. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876. The Supreme Court of the United States says:

"It is undoubtedly true that a superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction, not only of the cause or subject matter of the action in which the judgment is given, but of the parties also." Galpin v. Page, 18 Wall. 350, 21 L. Ed. 962, 963.

This is, of course, the familiar rule on collateral attack. And upon appeal from a justice to a county court, and then to an

appellate court, in the absence of a transcript showing to the contrary, the presumption is that the judgment of the county court is correct. Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289 (Sup. Court). It has been the holding of the courts that the citation issued by the justice of the peace, where the transcript is silent, is not necessarily regarded as the pleading upon which the cause is submitted to the inferior court. Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139. Again, it is held where a justice court case is appealed to the county court, but there were no written pleadings in either court other than the defendant's general denial, on a further appeal to the appellate court, it will be presumed that the oral pleadings of plaintiff were such as would authorize proof of the facts to support the judgment. Bowman v. Southwestern Land Co., 107 S. W. 585. Also see Telegraph Co. v. Levy, 102 S. W. 135.

The appellant would have us to take the amount of the demand embodied in the citation as conclusive of the demand asserted by the appellee in the justice and county courts; but though this record may suggest in the justice court that the appellee was amending an oral pleading of the same amounts, as suggested by the citation, however, we are unable to definitely state what the appellee orally demanded against the appellant in that court, or in the county court. If in the justice court the oral pleadings or demand was "a suit upon open account for damages for $200.00 of date due now," the justice court had jurisdiction; and this record being entirely silent as to the amount plaintiff pleaded in the county court, where all parties appeared, if the justice court would have had jurisdiction, the county court would also have had the jurisdiction. We would be compelled to presume that the demand in the county court, orally pleaded in that court and not disclosed in this court, was within that jurisdiction upon appeal.

Justice Hodges, in the case of Wooley v. Corley, supra, speaking of the citation out of the justice court as a writ starting the suit, said:

"It is issued in advance of the appearance of the parties for trial and pleading. It may or may not contain a statement of the cause of action as (orally) pleaded by the plaintiff. Certainly the law will not presume that it does. Upon the appearance of the defendant the plaintiff may state a cause of action entirely different from the nature of the demand embodied in the citation."

The judgment rendered herein as to amounts are within the jurisdiction of the county and justice courts, and the only impeachment of the jurisdiction of the inferior courts is a doubtful condition of the record, and which we are constrained to hold does not affirmatively show lack of jurisdiction; the contention being in effect that the citation is conclusive, aided by other suggestions in the record, which do not, however, definitely remove the doubt, but without knowing what the plaintiff orally demanded, and with another portion of the record stating that it is a "suit upon open account for damages due now." It is again held by our Supreme Court, as to allegations of jurisdictional amount, where the written record is ambiguous and doubtful, and subject to two constructions, the record will be construed to support, rather than defeat, the jurisdiction of the court rendering the judgment. Rayzor v. Railway Co., 172 S. W. 1103. Upon a similar subject, see Fertilizer Co. v. Bank, 104 Tex. 188, 135 S. W. 529. The cited case of Ft. Worth Stock Yards Co. v. Witherspoon, 166 S. W. 502, and other similar cases, not cited, have no just application to the character of question involved here.

We are inclined to think the presumption will have to prevail against the appellants as to the matter of jurisdiction, and that, being the exclusive question, the judgment of the trial court is affirmed.