TEXAS & N. O. R. CO. v. LOVETT.
(No. 270.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 12, 1917. On Motion for Rehearing Dec. 12, 1917.)

RAILROADS ⬤�ný440—INJURIES TO ANIMALS—PLEADING.

Where a railroad has its right of way properly fenced, it is necessary, to admit proof that hogs were killed on the track, to allege that the railroad was negligent.

Appeal from Liberty County Court; C. W. Smith, Judge.

Suit by J. A. Lovett against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Orgain, Butler & Bolinger, of Beaumont, and Baker, Botts, Parker & Garwood, of Houston, for appellant. C. H. Cain, of Liberty, for appellee.

BROOKE, J. This suit was originally filed in the justice court at Liberty, Liberty county, Tex., and was a suit against defendant for damages for the alleged killing of certain hogs by the trains of defendant. In the justice court judgment was rendered in favor of the plaintiff for $197. Defendant appealed to the county court of Liberty county, and upon a trial in the county court before a jury, on January 29, 1917, a verdict was rendered in favor of plaintiff for $185. On the verdict of the jury, judgment was entered in favor of plaintiff for $185 on January 29, 1917. Defendant filed motion for new trial, which was overruled, and filed its appeal bond in due time, and this cause is now before this court for adjudication.

In order that we may ascertain what the pleadings of the defendant were in the courts below, we insert the following, which is all the pleadings, both in the justice court and in the county court:

"J. A. Lovett v. Texas & New Orleans Railroad Company. No. 648.

"In the County Court of Liberty County, Texas.

"In view of the fact that the transcript from the justice court in the above cause has been lost, it is agreed that this action originated in justice court, precinct No. 1, Liberty county, Texas, and that the judgment therein was rendered in favor of the plaintiff against the de-

---

⬤⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant on the 20th day of September, A. D. 1916, in the sum of one hundred and ninety-seven dollars ($197.00), and that this agreement shall be filed among the papers of this cause as a part of the proceedings herein in order to show that the county court has jurisdiction of this cause upon appeal from justice court.

"Witness our hands this 28th day of January, A. D. 1917. C. H. Cain, Attorney for Plaintiff. Stevens & Stevens, Attorney for Defendant."

This is followed by the following:

"That the defendant, Texas & New Orleans Railway Company, on or about April 11, 1915, in the state of Texas, county of Liberty, and on various and different dates thereafter from said 11th day of April, up to and including the 19th day of August, 1915, killed certain hogs hereinafter enumerated, of the value as set forth. That said hogs were killed by being run over and struck by the engines, trains and cars operated upon the tracks of the defendant company, same being in charge and under control of its agents, servants and employés. That the market value of said hogs aggregated the amount of $197.00 (setting out the items)."

The above, as presented by the record in this cause, presents the entire pleadings in the justice court, and, so far as the record shows, is the entire pleading of the plaintiff in the county court. Bond was given and the cause removed to the county court, and so far as this record states, no pleading or notation was made, either in the justice court or in the county court as to the pleadings further in either of said courts. The testimony shows that the defendant company had its right of way fenced at the place and time of the alleged killing of the hogs. Upon this statement, which is abundantly proved by the evidence in the cause, it was necessary, in order that the plaintiff should prove his cause, that he should allege, both in the justice court and in the county court, that the defendant company was negligent in the killing of said stock. Without such an allegation, proof should not have been heard as to said killing of said stock.

Of course, this court understands that the pleadings may be oral in the justice court, and in an appealed case from the justice court to the county court, that the pleadings may also be oral, but some notation should have been made on the docket of the justice court, or some notation should have been made in the agreement with reference to the absence of the justice docket, on account of being lost or mislaid, at least showing in some sort of way, affirmatively, what was pleaded in the county court with reference to said matter. This court cannot presume, in the absence of such notation or pleading, which is of record in some way, what the pleadings of the plaintiff were in the county court, and is not authorized, in the absence of some record of some kind pointing out that such pleadings were had in the county court, to presume what such pleadings were. It is to be regretted that in the agreement which has been heretofore set out that the parties did not in some way indicate whether or not the plaintiff in the justice court made pleadings with reference to alleged negligence on the part of the defendant company, and it is much more to be regretted that some instrument should not have been filed in the county court undertaking in some way to set out what the pleadings of the parties were in the county court. Therefore, in the absence of an affirmative statement in the record of this cause that such pleading was had, this case, necessarily, will have to be reversed and remanded for a new trial.

While the writer of this opinion may feel sure in his own mind that learned counsel for plaintiff used the necessary diligence in his pleading in the justice court and in the county court, still this court, in the absence of affirmative showing that pleading was had in either court setting up negligence on the part of the company, cannot presume such things, but, as above stated, this court can only review causes upon the record as brought to this court.

In the brief of appellant, emphatic objection is made to the consideration of any portion of appellee's brief, wherein appellee's counsel states six grounds of negligence, which appellee's counsel says were stated in open court before the cause came to trial. In other words, appellee's counsel sets out, either from memory or otherwise, what he says were the oral pleadings upon which the case was tried. Appellant does not undertake to say, as a fact, that appellee's counsel did not plead orally in the county court, but the writer of appellant's brief states that he did not try the case in either the justice or county court, and does not know what transpired in those respective tribunals.

As heretofore said, if any oral pleadings were had in the county court, the duty devolved on appellee's counsel to see that a memorandum of such pleadings was noted on the docket, and that they were carried forward into the transcript on appeal, and this court, in the absence of any such showing, cannot consider what appellee's counsel states in his brief was done and said orally in the justice and county court, and of which there is no record on this appeal. Appellant's counsel very justly say that if the position were taken by appellee, even if it was agreed in open court between plaintiff and defendant, that the defendant was liable for killing the hogs, and that the only question in the case was the value of the animals, but that nowhere in the transcript was such an agreement reflected, that this court would be without power to consider such a statement, as much so as statements which were incorporated in the brief of appellee.

As we have said before, however much we may regret these matters, the fact remains that there is no action left to this court, save and except that this cause be reversed

and remanded to the lower court for a new trial.

HIGHTOWER, C. J., did not sit in this case.

#### On Motion for Rehearing.

KING, J. I agree that this case should be reversed, but I do so solely because the evidence does not show negligence. It is shown by the record that appellant's track was fenced against hogs. It therefore became necessary for appellee to prove negligence as to the killing of the hogs sued for. I have examined this record carefully, and am unable to find proof of any negligence upon the part of appellant. We are left in the realm of conjecture as to the manner of the death of the hogs. No witness testified that he saw how they were killed.

I am unwilling, however, to subscribe to that part of the opinion which holds that the record in an appeal to this court of a case originating in the justice court must show affirmatively what was pleaded in the justice as well as in the county court. In the absence of any pleadings upon the part of the plaintiff, where the facts proven would justify recovery, this court will presume that proper oral pleadings were had in the lower courts in a case originating in the justice court, and if written pleadings were had in the justice court and the facts proven would justify recovery, but the written pleadings do not state a cause of action, this court will presume that additional oral pleadings were had in the justice court to justify the introduction of the testimony, unless the record affirmatively shows that such oral pleadings were not had. Article 2326, Vernon's Sayles' Texas Civil Statutes; Bowman v. Southwestern Land Co., 107 S. W. 585; Loomis v. Broaddus & Leavell, 134 S. W. 743; Amarillo Com. Co. v. Railway Co., 140 S. W. 377; Railway Co. v. Gladish, 175 S. W. 863; Midkiff & Caudle v. Johnson Co. Savings Bank, 144 S. W. 705; Heidenheimer, Strassburger & Co. v. Railway Co., 197 S. W. 886.