ALVIS v. JOHN G. HARRIS HARDWARE & FURNITURE CO. (No. 536.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 26, 1920.)

1. APPEAL AND ERROR ⊂⊃712—CITATION FROM JUSTICE CANNOT BE LOOKED TO IN DETERMINING ISSUES.

The citation issued from the justice court is no part of the pleadings, and cannot be looked to in aid of the record in determining the issues presented to the county court on appeal.

2. APPEAL AND ERROR ⊂⊃1091(2)—PLEADINGS ARE PRESUMED SUFFICIENT TO SUPPORT JUDGMENT IF TRANSCRIPT DOES NOT SHOW THEM.

Where on appeal from county court in cause instituted in justice court no statement of the pleadings is shown by the transcript, it must be presumed that they justified the introduction of evidence sustaining the judgment, but, where the record affirmatively shows the pleadings, none can be presumed, nor can al-

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

legations be presumed in conflict with the record.

**3. APPEAL AND ERROR ☞1091(1)—JUDGMENTS AND CHARGE CONSTRUED AS SHOWING THAT ACTION WAS ON NOTES, AND NOT ON LIQUIDATED ACCOUNT.**

Where the justice court judgment showed that the action was for a specified sum with interest and attorney's fees, and foreclosure of a mortgage lien and the charge in the county court stated that it was an action on notes and to foreclose a mortgage lien, while the judgment in that court stated that it was on a liquidated account, it must be presumed that the action was on notes and for the foreclosure of the mortgage securing them.

**4. JUSTICES OF THE PEACE ☞174(16)—PLAINTIFF SUING ON NOTES CANNOT RECOVER ON LIQUIDATED ACCOUNT.**

Where plaintiff in an action commenced in justice court based his cause of action on notes, he could not recover in county court on a liquidated account.

**5. JUSTICES OF THE PEACE ☞90—PLEADINGS ARE ESSENTIAL TO AN ISSUE.**

Pleadings are as essential to make an issue in justice court as in the district court.

Appeal from Shelby County Court; J. L. King, Judge.

Action instituted in justice court by the John G. Harris Hardware & Furniture Company against Z. R. Alvis. From a judgment of county court for plaintiff, defendant appeals. Affirmed in part, and reversed and remanded in part.

T. H. Postell, of Center, for appellant.
L. D. Johnson, of Center, for appellee.

WALKER, J. This suit was originally instituted in justice court, precinct No. 1, Shelby county, Tex., by appellee, John G. Harris Hardware & Furniture Company, against appellant, Z. R. Alvis. As shown by the citation, appellee sought to recover from appellant the balance due on nine promissory notes of $5 each, with interest and attorney's fee, after allowing credits of $17.50, and to foreclose a chattel mortgage lien on certain household goods. Appellee sued out a writ of sequestration in this cause and had the same executed by seizing the property described in the mortgage. Appellant answered by plea of payment, and denied that any balance was due on the notes, and by pleas for actual and exemplary damages for wrongful suing out of the writ and seizure of his property. He laid his actual damages at $79 and his exemplary damages at $100.

The trial in the justice court resulted in judgment in favor of appellee for the sum of $16 and for foreclosure of his lien, and against appellant on his plea in reconvention. Thereupon appellant duly appealed to the county court. The trial in the county court resulted in judgment in favor of appellee for $34.06, for foreclosure of his mortgage lien, and against appellant on his plea in reconvention. From this judgment appellant has appealed to this court.

The pleadings in the justice and county courts were oral, and the justice of the peace failed to enter a brief statement of the pleas of the parties on his docket. The transcript from the justice court shows as to the nature of the suit: "Suit upon sequestration filed 4th day February, 1919, returnable February term, 1919." The judgment from the justice court shows that plaintiff was demanding judgment against defendant in the sum of $60, interest and attorney's fees, costs and foreclosure of mortgage lien, and that defendant answered, "denying liability thereon and pleaded former payment, usury, fraud, mistake, unlawful seizure, and damages, and in reconvention to the amount of $79 and $100 exemplary."

In the county court the case was submitted on a written charge wherein the court said:

"In the above styled and numbered cause the plaintiff has sued the defendant on nine notes for the sum of $5 each, and interest and attorney's fees, alleging the same to have been given in part payment of a certain bill of goods bought from the plaintiff on or about the date of said notes, and for foreclosure of the mortgage lien on said goods to secure the payment of said notes. * * * Defendant has answered that he owes plaintiff nothing, and that said notes were given through fraud and mistake and without consideration; that plaintiff has wantonly and without due cause filed this suit and sequestrated said property, and has damaged defendant in the sum of $69, and because of said wanton and malicious levy plaintiff is entitled to exemplary damages in the sum of $100."

The judgment in the county court recites:

"And thereupon came a good and lawful jury, * * * who, * * * after hearing the evidence of both the plaintiff and defendant, and the evidence, argument of counsel, and it appearing that the suit is on a liquidated account, secured by mortgage lien on the following described property, * * * and it further appearing to the court that said indebtedness is on a liquidated claim secured by mortgage," etc.

Appellant's first assignment of error is as follows:

"It was error for the court to find for the plaintiff on a liquidated account secured by a mortgage for the amount of $34.06 when the cause of action was based on nine promissory notes of $5 each and without mortgage security."

Under this assignment appellant advances the following proposition:

"Plaintiff must recover, if at all, upon proof of his claim and his cause of action as he states it. He cannot allege one state of facts and prove another, nor can he take judgment on one state of facts proven if not alleged in his pleading. He cannot sue on nine promissory notes and take judgment on a liquidated account."

[1-5] As already stated by us, the citation issued from the justice court shows that this suit was based on promissory notes, and to foreclose a mortgage lien given to secure these notes (article 2322, R. C. S. 1911), but, as this citation is no part of plaintiff's pleadings (Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139; Chicago, etc., Ry. Co. v. Gladish, 175 S. W. 864), we cannot look to it in aid of the record in determining the issues presented in the county court. In view of the fact that no statement of the pleadings is shown by the transcript, it is our duty to presume that the pleadings afforded a basis for the introduction of testimony sustaining the judgment (Caffarelli Bros. v. Lyons Bros., 199 S. W. 685; Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591), unless the contrary appears from the record as a whole (Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289). But, where the record affirmatively shows the pleadings, none can be presumed, nor can allegations be presumed in conflict with the record. Moore v. Jordan, 65 Tex. 395; Y. M. C. A. v. Schow Bros., 161 S. W. 931. Looking to the judgment (Cahill v. T. & M. Ry. Co., 76 Tex. 100, 12 S. W. 1128), and to the court's charge (G., C. & S. F. Ry. Co. v. Goodman, 189 S. W. 326), these statements being shown above, we must presume that plaintiff's cause of action was based on promissory notes, and to foreclose a mortgage lien on personal property given to secure these notes. From the recitations in the judgment in the county court it appears that judgment was entered on a liquidated account. In the justice court pleadings are as essential to make an issue as in the district court. Moore v. Jordan, 65 Tex. 395; Y. M. C. A. v. Schow Bros., 161 S. W. 931. Then it follows that plaintiff, having based his cause of action upon a series of nine promissory notes of $5 each, cannot recover on a liquidated account.

Because of the manner in which they are presented, we are unable to determine whether or not error is shown by appellant's other assignments. The judgment against appellant on his plea in reconvention is in all things affirmed, and because of the error above discussed the judgment in favor of appellee for $34.06 and decreeing a foreclosure of the mortgage lien is reversed, and remanded for a new trial.

In part affirmed, and in part reversed and remanded.