## TEXAS & N. O. RY. CO. v. SIMS.
### (No. 635.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 6, 1921.)

1. Justices of the peace ⊗⟶174(2½)—Exception that there were no pleadings in justice or county court should have been sustained.

Where, on an appeal to the county court from the justice court, the transcript showed no pleadings in the justice court, and no pleadings were filed or made orally in the county court, an exception on this ground should have been sustained.

2. Railroads ⊗⟶270 — Ownership of railroad killing animal must be proved.

In an action for the killing of a horse on a railroad, the defendant railroad company's ownership of the railroad must be proved.

Appeal from Tyler County Court; W. A. Johnson, Judge.

Action by J. C. Sims against the Texas & New Orleans Railway Company, brought in justice court and appealed to the county court. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. E. Wheat, of Woodville, and F. J. & C. T. Duff, of Beaumont, for appellant.

R. A. Shivers, of Woodville, for appellee.

WALKER, J. This suit originated in justice court, where judgment was entered in favor of appellee. On appeal to county court, judgment was again entered in favor of appellee.

[1] Appellant's first assignment of error is that the case was tried in county court without any pleadings by appellee. Appellant called this omission to the attention of the trial judge by special exception. This exception was overruled, and the bill of exception reserving this point contains this statement:

"There were no notations on the transcript showing any pleadings in justice court, and there were no pleadings filed by the plaintiff or stated by him orally in the county court as required by law."

This ruling by the court was error.

"In the justice court pleadings are as essential to make an issue as in the district court." Alvis v. John G. Harris Hardware & Furniture Co., 218 S. W. 538.

[2] We also sustain the assignment that the verdict of the jury was not supported by the evidence. The appellee testified that his horse traveled 200 or 300 yards from where it was struck "on the railroad," but there was no testimony to the effect that this railroad near which the horse was found dead belonged to appellant. In fact, we find no reference to appellant in any of the testimony.

For the errors discussed, this cause is reversed, and remanded for a new trial.