**HOWELL et al. v. JOHNSON.**

No. 2189.

Court of Civil Appeals of Texas. Beaumont. Feb. 19, 1932.

Rehearing Denied Feb. 24, 1932. ·

Howell & Howell, of Beaumont, for appellants.

A. W. Dycus, of Port Arthur, for appellee.

WALKER, J.

This suit originated in justice court, and was an action by appellee, as plaintiff, against appellants, as defendants, to recover half of an attorney's fee of $300 paid to appellants as compensation for the prosecution of a certain claim under our Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309 as amended). In justice court judgment was rendered in favor of appellants, but upon appeal to county court by appellee, upon a trial to the court without a jury, judgment was there rendered in his favor for the amount sued for. The trial judge duly filed conclusions of fact and law fully supporting his judgment.

As the case originated in justice court, and as appellee filed no written pleadings in county court, we must presume, in the absence of an affirmative showing in the transcript to the contrary, that appellee's pleadings were sufficient to support the judgment in his favor and all the conclusions of fact and law filed by the court in support of his judgment. Alvis v. Harris Hardware Co. (Tex. Civ. App.) 218 S. W. 538, 539. It is true the transcript contains the citation issued in justice court, but citations from justice court form no part of the pleadings and cannot be looked to in aid of the record in determining the issues presented to the county court, on appeal. Alvis v. Hardware Co., supra; Upham Gas Co. v. Veasey (Tex. Civ. App.) 28 S.W.(2d) 233.

There is no merit in the assignment of error complaining of the exclusion of certain evidence. As the case was correctly tried, the judgment of the lower court is in all things affirmed.