## W. J. Lee v. T. L. Hickson.

### Decided November 22, 1905.

**1.—Pleadings—Verification.**

It is not necessary that the answer of defendant .to a suit to set aside a judgment in his favor because obtained on false testimony should be verified by affidavit.

**2.—Intervention—Consent.**

There was no error in permitting the intervention, in a suit to set aside a judgment for recovery of land by defendant against plaintiff, of purchasers from such defendant during the pendency of the former suit, where the plaintiff consented to the intervention.

**3.—Rulings on Evidence—Statement of Facts.**

Errors assigned on rulings upon the admission of evidence can not be considered in the absence of a statement of facts.

Appeal from the District Court of Brown County. Tried below before Hon. John W. Goodwin.

*Whitehead & Wilson,* for appellant.—When suit is brought to vacate a judgment procured by false swearing and the plaintiff is required to plead under oath it is necessary for the defendant to answer under oath, if at all.

Where a party purchases real estate while the title to the same is in litigation his title must stand or fall with that of his vendor.

*G. U. Harrison,* for appellee.

EIDSON, Associate Justice.—This suit was brought in the court below to set aside and vacate a judgment rendered in the District Court of Brown County on the 3d day of January, A. D. 1903, styled W. J. Lee v. T. L. Hickson, No. 1763, upon the alleged ground that said judgment was procured by the false and fraudulent testimony of defendant's witness B. G. Sweet, said suit being an action in trespass to try title to half section No. 4, certificate No. 3152, G. C. & S. F. Ry. Co. land in Brown County, and for damages.

The court below, after hearing the case on its merits, refused to vacate said original judgment, and again rendered judgment for said defendant Hickson and also for interveners in this suit for the land in controversy.

Appellant's first and second assignments of error complain of the action of the court below in overruling his exception to defendant Hickson's answer, based upon the ground that said answer was not sworn to and did not deny the allegations of plaintiff's petition. While the judgment of the court below recites that the court overruled the exceptions of plaintiff to defendant's pleadings, we find no exceptions, either general or special, of plaintiff to defendant Hickson's pleadings contained in the record; and, for this reason, these assignments need not be considered. However, there is an answer contained in the record

for defendant Hickson, signed by his attorney, not sworn· to, which denies all the allegations embraced in plaintiff's petition. We know of no rule of law, and appellant has cited no authority, holding that an answer in this character of case should be sworn to, or that it could not be filed and presented by an attorney. Hence we overrule appellant's first and second assignments of error.

Appellant's third assignment of error is not well taken. The court below properly permitted King and Harrison to intervene in this cause. The order of the court allowing them to intervene recites that the plaintiff, in open court, agreed that they might be allowed to inter-vene in the case.

There being no statement of facts legally in the record, appellant's other assignments of error, all of which relate to matters of evidence, can not be considered.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.