REASONOVER v. RILEY BROS. et al.

(Court of Civil Appeals of Texas. San Antonio. June 19, 1912. Rehearing Denied Oct. 16, 1912.)

1. APPEAL AND ERROR (§ 518*)—BILL OF EXCEPTIONS.

Orders of the trial court on exceptions should be entered on the minutes with the exception to the ruling, and bills of exception to such orders should not be taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2355; Dec. Dig. § 518.*]

2. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error giving an instruction which is not copied into the brief, but is merely referred to in the statement as "the same as under appellant's first assignment of error," the statement under which did not refer to any charge, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. SEQUESTRATION (§ 20*) — FORTHCOMING BOND—DISCHARGE OF OBLIGATION—RETURN OF PROPERTY.

If defendant whose cattle had been sequestered did not desire to pay therefor upon an adverse judgment, he may discharge the obligations of his replevin bond by returning the cattle, under Rev. St. 1895, art. 4877, providing that defendant may at any time within 10 days after judgment deliver the property to the sheriff, who shall deliver it to plaintiff, and defendant shall be credited upon the judgment with the value of the property returned.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. § 20.*]

4. JUDGMENT (§ 198*)—RENDITION BY COURT.

Where the jury found a certain amount due a party, it was the province of the court to render judgment therefor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 362, 363; Dec. Dig. § 198.*]

5. TRIAL (§ 252*) — INSTRUCTIONS—APPLICABILITY TO ISSUES.

Requested instructions on issues which were not raised by the evidence were properly ignored.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Actions by Riley Bros. and others against J. M. Reasonover and G. H. McHenry, by G. H. McHenry against J. M. Reasonover, and by J. M. Reasonover against G. H. McHenry, all of which were consolidated on motion. From an adverse judgment as stated, Reasonover appeals. Affirmed.

Israel Dreeben, of Dallas, for appellant. Thomas & Rhea, of Dallas, for appellees.

FLY, J. This is an appeal from a judgment of the county court of Dallas county, and a record containing more than 240 pages of typewritten matter, much of it useless, a large portion consisting of discarded pleadings about which there is no controversy, and a portion consisting of repetition of the same matter. Out of this mass of matter we have endeavored, with considerable labor, to make an intelligible statement of the issues in the case.

It seems from an investigation of the 70 pages of pleadings that on April 10, 1910, Riley Bros. sued G. H. McHenry and J. M. Reasonover on a certain promissory note for $485, with interest and attorney's fees, executed by McHenry, alleging that the sum of $85 had at different times been paid on the note, that to secure the payment of the note a chattel mortgage had been given by McHenry on 23 milch cows, a bull, 2 horses, a milk wagon, and harness, and a cream separator. It was alleged that appellant, Reasonover, had possession of the bull, 18 cows, the wagon, harness, and 6 heifer calves, the increase of the cattle, and was claiming them. A writ of sequestration was obtained, and the property or a portion thereof was seized. Appellant answered by general demurrer and general denial, and McHenry by general denial. Prior to that time McHenry had sued appellant to recover certain sums for the lease of the same property, for cane seed, and a heifer calf, and for the possession of the property. He also sequestered the property. To that suit appellant filed a general demurrer and general denial. At some time, not indicated by the record, but not distant from the dates of the filing of the other suits, appellant had sued McHenry, alleging that McHenry had put in his charge a herd of 29 cattle, heifers, calves, and 2 horses, and agreed to pay appellant for food and pasturage for the stock and to compensate him for care and attention. He desired $444.55 from McHenry, and to foreclose a lien on the property. Upon motion of appellant the three causes were consolidated. After the consolidation, various pleadings were filed, among them appellant's first and second amended and two or three supplemental answers. In the answers upon which the cause was tried appellant attacked the written lease contract between him and McHenry, because in describing certain cattle it used the word "barren" alone, when it should, in addition, have used the words, "or dry," alleged that McHenry had not complied with the portion of the contract which required him "to replace barren and dry cattle with milk-giving cows"; that the written lease contract had

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

been terminated by mutual consent and an oral contract made by which appellant was to feed and pasture the cattle, and McHenry was to pay him for the food and for his time in caring for the cattle, that this oral contract was made on July 25, 1909, and his lien arising therefrom was superior to the mortgage of Riley Bros., which was filed for record on September 17, 1909. The cause was submitted on special issues, and the jury found that there had been no fraud nor mistake in making the lease contract, and found the market value of the property and value of its use. On those responses judgment was rendered in favor of Riley Bros. against McHenry for the amount due on the note and for foreclosure of their lien, and in favor as against appellant and his surety on his replevy bond for the sum of $515, the value of the property, and in favor of McHenry as against appellant for the value of the use of the property. The record fails to show any action by the court upon the general demurrer and special exceptions filed by appellant. The county court adjourned on November 4, 1911, and on November 23, 1911, bills of exception, approved by the judge, to the action of the court in overruling the general demurrer and special exceptions, were filed.

[1] There is no sanction or authority in the statutes or the rules for taking bills of exception to orders of a trial court on exceptions, but it is the only rule and practice to have such orders entered on the minutes of the court with the exception to the ruling of the complaining party. After quoting from Revised Statutes (articles 1120 and 1560) on the matter in question, the Court of Civil Appeals of the Second District, in Sowers v. Yeoman, 129 S. W. 1153, properly held: "The court's ruling upon demurrers frequently amounts to a final disposition of the case, and it will not do to say that a bill of exception may supply that which should be shown by formal entry upon the minutes of the court and duly read and signed by the court." However, we have concluded that the answer of McHenry was not subject to attack through a general demurrer.

[2] The nineteenth assignment of error, which is presented in the brief immediately after the first, assails a charge which is not copied into the brief, and neither is its substance given. The only statement is: "The same as under appellant's first assignment of error." That statement is confined to bills of exception and pleading, and has no reference to any charge. The assignment will not be considered.

The eighteenth assignment is taken up in the brief after the first and nineteenth assignment, and is as follows: "The county court of Dallas county, at law, erred in instructing the jury against the defendant, J. H. Reasonover." The assignment is indefinite and general, but we have considered it. McHenry admitted that he owed Riley Bros.,

and that he executed the note and mortgage on the cattle and other property, and those facts were not questioned by appellant, and under all the testimony, if McHenry owed Riley Bros., their lien was superior to any other on the cattle, in fact no other was shown, and it follows that the court was justified in instructing a verdict in favor of Riley Bros. against appellant and the sureties on his replevy bond for the value of the property. Appellant showed no right to hold the property as against Riley Bros. Riley Bros. obtained a mortgage on the cattle without knowledge of any secret verbal agreement between appellant and McHenry, if there was any such agreement. The evidence was not sufficient to show an abrogation of the contract, but, on the other hand, showed that appellant breached his contract, and that all that McHenry did was to protect himself against such breach. There was no consideration whatever for the verbal agreement sworn to by appellant and his wife. The witness, Oscar Wilkinson, who testified for appellant, swore to a different agreement between appellant and McHenry from that sworn to by appellant and his wife. The second and third propositions under the eighteenth assignment are not germane to it, and might' as well have been under any other assignment. The judgment of the court was based upon the findings of the jury which were justified by the facts.

[3] If appellant does not desire to pay for the cattle, he can discharge the obligations of his replevy bond by returning the cattle. Mills v. Hackett, 65 Tex. 580; article 4877, Revised Statutes. The court did not err in rendering judgment against appellant for the value of the property which he had in his possession, and which was subject to the lien of Riley Bros. Appellant had bound himself to pay the fruits, hire or revenue of the property to McHenry, and the court did not err in rendering judgment for such sum against appellant and his surety.

[4] The jury found the sums due, and it was the province of the court to render the judgment. The special charge referred to in the eleventh assignment was properly refused.

[5] The court properly refused to give the special charges referred to in the seventh, twelfth, and seventeenth assignments. The evidence did not present the issue of cancellation of the written contract between McHenry and appellant, and that issue was properly ignored by the court. There was no consideration shown for the agreement testified to by appellant, and it could not form an issue in the case. Appellant had no lien upon the property, and it was therefore right to refuse the charge referred to in the thirteenth assignment of error. There being no consideration whatever moving towards McHenry from appellant, the cancellation of a valid contract could not be ac-

complished by the alleged agreement which was forced upon McHenry by the acts of appellant in the endeavor to breach his written contract.

There being no error in the judgment, it is affirmed.