## CARTWRIGHT v. ALEXANDER.
### (No. 8849.)

(Court of Civil Appeals of Texas. Dallas.
June 9, 1923.)

**1. Appeal and error ⟷237(2)—Admission of evidence responsive to pleas of 3 and 5 year limitations not erroneous, in absence of motion to strike because plea of 10 year limitation only submitted.**

In trespass to try title, where pleas of 3, 5, and 10 year limitations were filed, the admission of testimony responsive to the pleas of 3 and 5 year limitations was not reversible error as not responsive to the plea of the 10 years' limitation, which was the only issue submitted, since if it wished the evidence ruled out it could have moved to strike.

**2. Adverse possession ⟷33, 85(2)—Evidence of proximity of defendant's house to line claimed by plaintiff admissible.**

In trespass to try title, where the defense was adverse possession, evidence was properly admitted in behalf of defendant that, if the true line were as contended by plaintiff, defendant's house would be within 8 feet of said line, as tending to show the adverse character of defendant's claim to the land in controversy, all of which he had under fence for more than 10 years prior to the filing of the suit, and also as tending to show that notice of defendant's claim was brought home to plaintiff.

**3. Appeal and error ⟷1058(2)—Erroneous exclusion of testimony not prejudicial where same facts developed by other testimony.**

In trespass to try title, defended on the ground of adverse possession, the erroneous exclusion of evidence that defendant, who years before the suit had admitted plaintiff's title, had never since personally told plaintiff that he claimed the strip of land in controversy, was not prejudicial, where plaintiff had generally testified to that effect, and the excluded testimony would have been merely repetition.

**4. Appeal and error ⟷1059—Exclusion of testimony responsive only to issue not submitted not erroneous.**

In trespass to try title, where defendant pleaded the 3, 5, and 10 year statutes of limitations, but only his plea of 10-year limitation was submitted to the jury, the refusal to permit plaintiff to testify that he had paid taxes during all the years covered by the inquiry, on the survey including the land in controversy, was not prejudicial to plaintiff, although it was offered in rebuttal, and would have been responsive to the plea of the 5-year statute of limitation, had such issue been submitted.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Trespass to try title by R. L. Cartwright against C. Alexander. Judgment for defendant, and plaintiff appeals. Affirmed.

Frazier & Averitte, of Hillsboro, for appellant.

Collins, Dupree & Crenshaw, of Hillsboro, for appellee.

JONES, C. J. This is a suit in the form of a trespass to try title, filed by appellant, who was plaintiff below, in the district court of Hill county, on October 28, 1920, to recover from appellee title and possession of a small triangular shaped tract of land. The answer of appellee consisted of a general demurrer, general denial, plea of not guilty, and a plea of the 3, 5, and 10 year statutes of limitation.

The parties entered into the following written agreement, which was introduced in evidence on the trial of the case:

"For the purpose of the trial of this case it is agreed by and between the parties plaintiff and defendant that it may be admitted as a fact to the record that the plaintiff has a valid and legal title to so much of the land in controversy as is embraced in a strip 24 feet wide, lying along and immediately to the north of and parallel to the fence, as the same now exists on the ground, except as the same may be defeated by the defendant's claim of limitation.

"It is further admitted as a fact that the plaintiff has a valid and legal title to so much of the land in controversy as is embraced within a line running 24 feet to the north of the present existing fence and parallel to said fence and the north line of the tract described in plaintiff's petition, except as the same may be defeated by the defendant's claim of limitation.

"As to the issue of limitation it is admitted as a fact that the defendant has had and held possession of the land in controversy for 20 years next preceding the filing of this suit, using, cultivating, and enjoying the same. It is further agreed that the burden is on defendant to prove the other facts necessary to establish a limitation title.

"It is further agreed that the only issues necessary or proper to be submitted to the jury are the issue as to whether the defendant's use and occupancy of the 24-foot strip was by permission of the plaintiff; and whether the defendant's use and occupancy of the remainder of said land in controversy, exclusive of said 24-foot strip, was by permission of the plaintiff."

As may be, inferred from this written agreement, the testimony introduced upon the trial of the case presented different issues of fact with reference to the character of appellee's holding of different parts of the land in controversy. The evidence shows that as to a certain 24-foot strip lying immediately north of and parallel to the division fence between the two farms, owned respectively by appellant and appellee, a different state of facts existed, as did in reference to the remainder of the land lying in triangular shape north of this 24-foot strip. The undisputed proof shows that in 1902 appellee acknowledged that appellant owned this 24-foot strip. However, appellee claimed that after said date he made such assertion of title and ownership to the said 24-foot strip as gave him the land on his plea of the 10 years' limitation statute. As to the adverse claim of ap-

pellee on all the land in controversy, the evidence was in direct conflict.

The case was submitted to a jury on special issues in reference only to appellee's plea that he is the owner of the land under the 10 years' statute of limitation. The issue of appellee's plea of the 5 years' statute of limitation was not submitted to the jury. No exception appears to have been made to the court's charge by either party. The jury's verdict was in favor of appellee's said plea of limitation, and a judgment in favor of appellee for all the land was accordingly entered.

[1] By various assignments of error appellant assails the ruling of the court on the admission of testimony. We have carefully examined all of these assignments, and none of them appear to us to show such error in the trial of the case as would call for its reversal. Some of these assignments are based on the theory that no evidence on the issue of limitation was admissible unless it was responsive to appellee's plea under the 10 years' statute of limitation. In this appellant is in error; for, appellee, having pleaded the 5 years' statute of limitation, was entitled to offer proof thereon; it being the province of the court at the conclusion of the evidence to determine whether such evidence was sufficient to raise an issue on such plea. The trial court, at the close of the evidence, evidently determined that the evidence was not sufficient to raise an issue under the 5 years' limitation statute. This evidence could hardly have affected the conclusion of the jury on the issues submitted. The evidence was properly admitted as before stated, and, when the court determined it was not of sufficient potency to warrant a submission to the jury of the issue of limitation under the 5 years' statute, appellant should have moved the court then to exclude all of such evidence that was material only on this issue. We do not think, however, if such motion had been filed and the court had refused to exclude the evidence, such action would have been reversible error.

[2] Error is assigned on appellee's being permitted to answer, in response to a question by his counsel, that, if the line between himself and appellant was the one contended for by appellant, appellee's house would not be over 8 feet from said line. We think this was legitimate testimony touching the adverse character of appellee's claim to the land in controversy, all of which he had had under fence for more than 10 years previous to the filing of the suit. It showed, in connection with other testimony, that he had made improvements so near the land in controversy as would ordinarily suggest to any one that appellee was claiming the land, and also would tend to bring notice home to appellant that he claimed said land.

[3] Error is also assigned because, on objection by appellee's counsel, appellant was not permitted to testify that since the date of the letter from appellee to appellant on November 26, 1902, in which letter appellee acknowledged appellant's title to the 24-foot strip, appellee had never personally told appellant that he claimed the said 24-foot strip of land. In this ruling we think the court was in error, but, as appellant had already testified generally that appellee never had personally told him that he claimed the land, and had testified to a conversation between himself and appellee in 1910 to the effect that appellee at that date did not claim the land, we do not think it was reversible error. It would have been but a mere repetition, in effect, of what was already in testimony, and we do not think that appellant could have been injured by this ruling of the court.

[4] Error is also assigned on the action of the trial court in refusing, on objection by appellee, to permit appellant to testify that he (appellant) had paid taxes, during all the years this inquiry covered, on the land he owned in the Mitchell and Hull surveys. Appellee had testified that he had paid taxes on the land in controversy, and appellee's deed showed that the land he acquired by purchase was in the Price survey. Appellant's claim was that the land in controversy was in the Mitchell and Hull surveys, and hence not a part of the land described in appellee's deed. This evidence was offered in rebuttal, and would have been responsive to appellee's plea of the 5 years' statute of limitation had such issue been submitted; but, this issue not having been submitted, no harm was done to appellant by the ruling of which complaint is made.

As stated above, we have carefully examined all of the assignments of error, and find no reversible error in the case, and it is, therefore, affirmed.

Affirmed.