**HUMBLE OIL & REFINING CO. v. SOUTH-
WESTERN BELL TELEPHONE CO. et al.
(No. 590.)**

Court of Civil Appeals of Texas. Waco.
Dec. 1, 1927.

1. Justices of the peace ⬅☞174(8)—Cause of
action cannot be amended in county court to
embrace different cause from that sued on
before justice.

Cause of action begun in justice court can-
not be amended in the county court to embrace
an entirely different cause of action.

2. Justices of the peace ⬅☞174(16)—County
court's refusal to permit amendment of plain-
tiff's pleadings to include claim for negligent
destruction of paint held not error in case
originally presented before justice on verified
account.

Where action in justice court was based
merely on verified account for paint furnished,
action of county court in refusing to permit
plaintiff to amend its pleadings on appeal to in-
clude claim for damages by reason of defend-
ant's negligence *held* not error.

3. Appeal and error ⬅☞501(1)—Trial court's
rulings are not reviewed in absence of ex-
ception (Rev. St. 1925, art. 2237).

Appellate court will not review rulings of
trial court unless record shows that exception
was taken to trial court's action, as required by
Rev. St. 1925, art. 2237.

4. Account, action on ⬅☞3—"Account" between
parties presupposes contract to pay for goods
received, as distinguished from tort claim for
negligence.

An "account" between parties contemplates
and presupposes a contract, express or implied,
under which chattels have been sold and deliv-
ered in consideration of agreement to pay, as
distinguished from damages founded on tort re-
sulting from another's negligence depriving
plaintiff of value of his property.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Account
(In Commercial Law).]

5. Justices of the peace ⬅☞97 — Defendants'
failure to deny under oath justness of plain-
tiff's verified account in justice court held not
to authorize recovery, where action was based
wholly on claim for negligence.

Where plaintiff's claim was based on neg-
ligent destruction of paint, and not on any
contract of sale, failure of defendants to deny
under oath the justness of verified account on
which plaintiff brought suit in justice court
did not entitle plaintiff to recovery, since claim
for damages was not founded upon account
which could be verified.

6. Justices of the peace ⬅☞189(3)—Action of
county court in setting aside justice's judg-
ment, based on verified account not denied
under oath, held not in excess of authority.

County court had authority on appeal from
judgment of justice to set aside judgment for
plaintiff, notwithstanding it was based on veri-
fied account not denied under oath by defend-

ants, where claim was not founded upon account
which could properly be verified.

7. Justices of the peace ⬅☞171(1)—County
court trial on appeal from justice is de novo,
and justice court judgment is of no effect and
cannot be offered in evidence.

When case is appealed from justice court
to county court, it is tried de novo and justice
court judgment is of no force and effect and
cannot be offered in evidence in county court.

8. Appeal and error ⬅☞733—Assignment that
judgment is contrary to uncontroverted evi-
dence and to statute is too general.

Assignment that judgment is contrary to un-
controverted evidence in the case and contrary
to the plain statute law is too general for con-
sideration by appellate court.

9. Justices of the peace ⬅☞174(26)—Plaintiffs,
suing on verified account for paint furnished,
held not entitled to recover for negligent de-
struction thereof.

In suit in justice court on verified account
for paint furnished, plaintiff was not entitled
to recovery where undisputed facts showed that
claim was for tort based on defendant's negli-
gent destruction of paint, since evidence involved
different cause of action.

10. Judgment ⬅☞18(1), 19—Judgment must be
supported by pleadings as well as evidence.

No judgment should be rendered unless
there is pleading as well as evidence to sup-
port it.

Stanford, J., dissenting.

Appeal from Limestone County Court; H.
F. Kirby, Judge.

Suit by the Humble Oil & Refining Com-
pany against the Southwestern Bell Tele-
phone Company and others. After a judg-
ment for plaintiff against some of the de-
fendants in justice court, judgment was ren-
dered by the count court on appeal in favor
of all of the defendants, and plaintiff ap-
peals. Affirmed.

H. B. Daviss, of Corsicana, for appellant.
Nelson Phillips and C. C. English, both of
Dallas, for appellees.

BARCUS, J. Plaintiff in error filed this
suit in the justice court against Southwest-
ern Bell Telephone Company, a corporation,
and B. K. Bain and R. A. Bain, composing
the partnership of Bain Transfer Company,
on the following verified account:

"July 15, 1923. To 45 gallons gasproof paint,
$2.54¼ per gallon, $114.41. Total amount due,
$114.41."

B. K. Bain and R. A. Bain filed no writ-
ten pleadings in the justice court. The
Southwestern Bell Telephone Company an-
swered in the justice court by a sworn de-
nial of the justness of the account sued on,
a general demurrer, general denial, and then
by way of cross-action against their code-

---

⬅☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendants Bains, alleged that B. K. and R. A. Bain as independent contractors had negligently destroyed said paint while moving a bunkhouse belonging to the telephone company, and that, if it should be in any way held liable, it was entitled to judgment over against B. K. Bain and R. A. Bain for any amount for which judgment should be rendered against it. The judgment in the justice court recited that all the parties appeared and judgment was rendered in said court in favor of appellant against B. K. and R. A. Bain for the amount sued for, and that appellant take nothing against the telephone company. On appeal to the county court, judgment was rendered against appellant in favor of all the defendants. It appears without controversy that the only pleading filed by the appellant in the justice court was the sworn verified account. Appellant in its brief states that its suit was originally filed in the justice court on a verified account. The judgment in the justice court recites said fact, and the judgment rendered in the county court finds as a fact that appellant's suit in the justice court was based upon a verified account, and appellant in its brief does not make any contention that any other pleading, either oral or written, was presented or filed by it as a basis for recovery in the justice court other than said verified account. In the county court appellant filed an amended pleading, in which it sought judgment on the verified account as filed in the justice court, and in the alternative asked for judgment for damages which it had suffered by reason of the defendants, jointly and severally, having negligently destroyed 45 gallons of gasproof paint of the value of $2.54¼ per gallon, being $114.41, together with interest thereon. B. K. and R. A. Bain in the county court filed a general demurrer and a general denial, and the telephone company answered as in the justice court. The cause was tried to the court, and the judgment in the county court recites:

"The court, having withheld its rulings on the demurrers and exceptions until the plaintiff offered its testimony, and the testimony having fully established the fact that this was an action for damages for the destruction of property, and was not a suit based on a verified account, sustained the denials and demurrers of the defendants Southwestern Bell Telephone Company and the Bain Transfer Company, a partnership composed of R. A. Bain and B. K. Bain, and that the defendants go hence without day and recover their costs."

[1, 2] Appellant by its first and second propositions contends that it had the right to amend its pleadings in the county court, and sue not only on the verified account, but, in the alternative, for damages by reason of the defendants having negligently destroyed the 45 gallons of paint, and that the trial court was in error in refusing to permit it to amend its pleadings in said respect. The general rule is that parties on appeal from the justice court may amend their pleadings in the county court, if the amended pleadings do not set up a new cause of action. McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643, and authorities there cited. The courts, however, have uniformily held that a cause of action begun in the justice court cannot be so amended in the county court as to embrace an entirely different cause of action. It has been held that a suit on an alleged contract cannot be changed to a suit on an implied contract (M., K. & T. Ry. Co. v. Ryan [Tex. Civ. App.] 170 S. W. 858; Curton v. Craddock [Tex. Civ. App.] 252 S. W. 1074; Mood v. Methodist Episcopal Church, South [Tex. Civ. App.] 289 S. W. 461; [Tex. Com. App.] 296 S. W. 506); and that a suit on notes cannot be changed to a suit on an account (Alvis v. John G. Harris Hdw. Co. [Tex. Civ. App.] 218 S. W. 538); and that a suit on an account cannot be changed to a suit on a written obligation (Laing v. St. Louis Type Foundry Co., 3 Willson, Civ. Cas. Ct. App. 563). As to what constitutes a different cause of action is forcefully pointed out by the Supreme Court in Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707, in which case it is held that a pleading sets up a new cause of action when the same evidence will not support both of the pleadings, and when the allegations of each are not subject to the same defenses. Clearly, the same evidence will not establish or defeat a suit founded on a contract which is implied in a suit on a verified account and a suit for damages founded on a tort. We do not therefore think the trial court was in error in sustaining the demurrer to appellant's amended pleadings. Appellant does not claim, and we do not think it could be held, that its pleading in the justice court embraced both a verified account and was for damages growing out of a tort.

[3] If it could be said that the trial court was in error in refusing to permit appellant to amend its pleadings in the county court, appellant is in no position to complain of the court's action with reference thereto, because it does not appear from the record that appellant excepted to the court's action in refusing to permit it to file the amended pleading. Article 2237 of the Revised Statutes 1925 provides specifically that if any party is dissatisfied with any ruling of the trial court he may except, and unless the record shows that an exception was taken to the action of the trial court in sustaining an exception or demurrer to the pleadings, the appellate court will not review the trial court's action with reference thereto. Lee v. Hickson, 40 Tex. Civ. App. 632, 91 S. W. 636; Reasonover v. Riley Bros. (Tex. Civ. App.) 150 S. W. 220.

[4, 5] Appellant by its third, fourth, fifth, sixth, and seventh propositions contends, in effect, that its cause of action was properly brought as a verified account, and that since it did file the suit in the justice court on a verified account, and since appellees B. K. and R. A. Bain failed to deny under oath the justness of said verified account, it was entitled to a judgment in the justice court as well as in the county court against B. K. and R. A. Bain for the full amount thereof. We overrule this contention. It is true that a single transaction may be an account. Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 200 S. W. 899, and authorities there cited. In this case, however, the evidence shows without dispute that appellant's claim is for damages which it claims to have suffered by reason of appellees having negligently destroyed 45 gallons of paint, and not by reason of any contract of sale of said paint to appellees or by reason of any account it had against them, or either of them. As we understand the law, an account between parties contemplates and presupposes a contract, express or implied, under the terms of which a party has sold and delivered chattels to another in consideration of his express or implied promise and agreement to pay therefor, as distinguished from damages founded on a tort which one party may suffer by reason of the negligent acts and conduct of another party whereby he has been deprived of the value of his property. McCamant v. Batsell, 59 Tex. 363. In T. & P. Ry. Co. v. Looby, 1 White & W. Civ. Cas. Ct. App. 299, Looby filed suit against the railway company for damages which he had suffered by reason of the defendant having converted to its own use some railway cross-ties, and in said suit claimed that his account was within the purview of said article. The court in passing on this question held that it was not an account, and used this language:

"The suit is for the value of property alleged to have been taken by and appropriated to the use of the defendant. It is the common-law action of trover and conversion. The cause of action, as stated in the instrument sued upon, does not exist by virtue of any contract between the plaintiff and the defendant, and does not show a transaction between the parties, by which the defendant is prima facie bound for the payment of the amount claimed, or for goods sold and delivered, or other transaction legitimately forming the basis of an account proper. It is, on the contrary, as it shows upon its face, a claim for unliquidated damages, viz.: The unascertained value of the cross-ties which had been taken by the defendant and converted to its own use. We are of the opinion that the plaintiff's claim is not an 'account,' within the meaning of the statute."

To the same effect is the holding in H. & T. C. Ry. Co. v. White, 1 White & W. Civ. Cas. Ct. App. 64; G., H. & S. A. Ry. Co. v. Gildea, 2 Willson, Civ. Cas. Ct. App. 204; H. & T. C. Ry. Co. v. Hays & Co., 1 White & W. Civ. Cas. Ct. App. 416; G., H. & S. A. Ry. Co. v. Morris, 1 White & W. Civ. Cas. Ct. App. 427; Davidson v. McCall Co. (Tex. Civ. App.) 95 S. W. 32.

Appellant's claim for damages not being founded upon an account which under the law could be verified, appellees were not required to deny under oath the justness thereof in order to defeat same. De Long v. Miller (Tex. Civ. App.) 37 S. W. 191; Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532; McCamant v. Batsell, 59 Tex. 363.

[6, 7] Appellant by its eighth proposition contends that since it recovered judgment in the justice court against appellees B. K. and R. A. Bain on a verified account, which was not denied under oath by said appellees in said court, the county court had no authority to set aside said judgment on appeal. We overrule this contention. When a cause is appealed from the justice court to the county court, it is tried de novo, and the judgment rendered in the justice court is of no force or effect and cannot be offered in evidence in the county court.

[8-10] Appellant by its ninth and last proposition contends that the judgment rendered by the county court is contrary to the uncontroverted evidence in the cause and contrary to the plain statute law of Texas. This assignment is too general in its nature and scope to be entitled to consideration. We have, however, carefully examined the entire record, and do not believe that the judgment rendered by the trial court under the pleadings in this case is erroneous. Appellant having based its cause of action alone in the justice court upon a verified account against appellees, and the undisputed facts showing that its claim, if any, is for tort, it was not entitled to judgment, it being a well-settled principle of law that no judgment should be rendered unless there is pleading as well as evidence to support the same.

We have examined all of appellant's assignments of error and propositions submitted thereunder, and same are overruled. The judgment of the trial court is affirmed.

STANFORD, J. (dissenting). Not being able to agree with my associates in the disposition of this case, I hereby file the following dissent:

### Statement.

The suit was filed in the justice's court by plaintiff upon a verified account. In said court the defendants Bains filed no answer. The defendant telephone company, among other things, alleged in substance, that its codefendants, the Bains, were engaged by it to haul a bunk wagon from the premises of plaintiff on which the paint mentioned in plaintiff's petition was located, and that while in the act of moving said bunk wagon,

the said Bains and their employees negligently turned over and destroyed said paint complained of by plaintiff. Said telephone company further pleaded fully the facts not only as to how the paint was turned over and destroyed by the Bains, but the facts showing they were not employees of the telephone company, but were independent contractors of the telephone company, to move said bunkhouse, etc. The justice's court's judgment recites:

"Having heard and considered all the pleadings of all the parties, and heard and considered the evidence, * * * the court is of the opinion and finds that defendant Southwestern Bell Telephone Company is in no way liable to plaintiff for and because defendants Bain Transfer and B. K. Bain and R. A. Bain were independent contractors and are alone liable to plaintiff. It is therefore ordered * * * by the court that said Southwestern Bell Telephone Company go hence and recover its costs against plaintiff and against Bain Transfer and B. K. Bain and R. A. Bain; and it further appearing to the court that plaintiff's cause of action is proved by a sworn and verified account which is not denied in writing under oath, as required by law, by Bain Transfer, nor by B. K. Bain nor R. A. Bain, nor denied by any one for them; and it also appearing that said account and *damages* is established by all the evidence in the case, * * * it is therefore ordered * * * that plaintiff, Humble Oil & Refining Company, have and recover judgment against the Bain Transfer Company," etc., the sum of $114.81.

The Bains appealed to the county court. In the county court the Bains, on November 8, 1926, filed a general demurrer and general denial, and on November 10, 1926, the appellant, Humble Oil & Refining Company, filed an amended petition and, after pleading its supposed right to recover on its verified account, pleaded as follows:

"Plaintiff, Humble Oil & Refining Company, further alleges that on July 15, 1924, as heretofore alleged, defendants Southwestern Bell Telephone Company and Bain Transfer and B. K. Bain and R. A. Bain * * * negligently turned over and destroyed 45 gallons of Humble gasproof gray paint; that said paint was the property of Humble Oil & Refining Company, and was of the reasonable value of $2.54¼ per gallon, a total sum and value of $114.41; that said negligence of said defendants caused the complete loss of said 45 gallons of paint to plaintiff, to its damage in said sum of $114.41; and that plaintiff is entitled to recover as damages of and from each of said defendants, and from all of them jointly and severally, said sum of $114.41," etc., for which plaintiff prayed judgment.

The judgment in the county court is, in part, as follows:

"Be it remembered that the above entitled and numbered cause came on for trial the 10th day of December, 1926, all parties appearing and announced ready for trial, and the court, having heard the evidence and argument of counsel on said day, and having held its judgment under consideration until the 29th day of

January, 1927, rendered the following judgment: This cause was filed in the justice's court * * * February 11, 1924, and from the pleadings from that court it was a suit based upon a verified account; the cause came on for trial in said justice's court February 9, 1926, at which time the justice court rendered judgment on said pleadings, for the amount sued for against the defendants R. A. Bain and B. K. Bain; in due time an appeal was perfected to the county court of said county, and the same pleadings were the basis of the suit in this court, the case having been tried de novo. * * * The defendants Bain Transfer Company, a copartnership firm composed of R. A. Bain and B. K. Bain, filed their original answer November 8, 1926, in which they demurred generally, and also a general denial; the court, having withheld its rulings on the demurrers and exceptions until the plaintiff offered its testimony, and the testimony having fully established the fact that this was an action for damages for destruction of property and was not a suit based on a verified account, sustains the denials and demurrers of the defendants Southwestern Bell Telephone Company and the Bain Transfer Company, the partnership firm composed of R. A. Bain and B. K. Bain, and that the defendants go hence without day and recover their costs in this cause."

Appellant filed a motion for a new trial, and makes the paragraphs of said motion his assignments of error and under said assignments presents the following propositions, in substance:

(1) On appeal from the justice's to the county court, either party may amend his pleadings, so long as no new cause of action is set up by such amendment.

(2) Plaintiff had the legal right in the county court to amend its pleadings so as to meet the proof in the justice's court; and plaintiff had the right by its first amended petition filed in the county court on November 10, 1926, to seek judgment against the defendants not only on its verified account, but also on account of the damages resulting to it from the destruction of its paint by the defendants; because both said phases of plaintiff's pleading and prayer are based upon one and the same and not a different cause of action to that on which it sought judgment in the justice's court.

(8) The judgment of the county court on its face shows that said court denied to plaintiff (1) the right to amend its pleading in the county court; (3) it denied to plaintiff its right to recover for damages which the uncontradicted evidence shows that defendants caused to plaintiff.

### Opinion.

It is true, appellant's suit in the justice's court was filed upon a verified account or statement. It is also true, it was not such an account or statement as could be proved by an ex parte affidavit as provided by article 3736, Revised Statutes 1925, not because there was only one item contained in said

statement, but because the amount sued for arose out of a tort and not out of the breach of a contract. Davidson v. McCall Co. (Tex. Civ. App.) 95 S. W. 32. But it is also true, in the justice's court the defendant Southwestern Bell Telephone Company pleaded fully, as above set out, the facts out of which said claim arose, showing said claim grew out of a tort, and that said tort or wrong was committed by its codefendants, the Bain Transfer Company, an independent contractor. It is also true, a defect in a plaintiff's pleading may be supplied and such defect cured by the allegations of his adversary. Hill v. George, 5 Tex. 87; M., K. & T. Ry. Co. v. Chittim (Tex. Civ. App.) 40 S. W. 23; G.. C. & S. F. Ry. Co. v. Porter, 25 Tex. Civ. App. 491, 61 S. W. 343; T. & N. O. Ry. Co. v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165; Amsler v. Cavitt (Tex. Civ. App.) 271 S. W. 139. The record shows no pleading by appellant in the justice's court, except the verified account, but as the pleadings in such court are usually oral and not required to be in writing, it is thought we should presume appellant did properly plead the facts. Clonts et al. v. Johnson (Tex. Com. App.) 294 S. W. 844. But if this is not true, the defendant telephone company having pleaded the facts fully out of which the claim sued upon arose, said pleading inured to the benefit of appellant and cured any defect, if any, in its pleading. The finding of the justice of the peace incorporated in his judgment, as above set out, shows he heard the evidence of the facts out of which the claim sued upon arose, and based his judgment not alone upon the verified account, but also upon the fact "that said account and *damage* is established by all the evidence in the case." After the case reached the county court, appellant, on November 10, 1926, filed an amended petition, pleading not only its right to recover the $114.41 on said verified account because it was verified and not denied under oath, but in the fourth paragraph, as above stated, pleaded the facts out of which said claim of $114.41 arose, and by reason of which facts appellant was entitled to recover said amount. On the trial in the county court, as shown by the statement of facts, neither B. K. nor R. A. Bain, nor any one else for them or the Bain Transfer, testified, but appellant and the Southwestern Bell Telephone Company did offer several witnesses, and said evidence showed without any contradiction the following state of facts: A portable bunkhouse belonging to the telephone company was on the rear of a lot that had recently been bought by appellant. R. A. Bain and B. K. Bain, composing the Bain Transfer, came out to the place to move said bunkhouse about 5:45 p. m. The appellant had opened a full barrel of paint that day and had used 5 gallons in painting the main building on said lot. The barrel was on the ground about 18 inches from the bunkhouse. R. A. and B. K. Bain were cautioned to move the paint, but said it was not necessary. The wheels of the bunkhouse were deeply embedded in the hard earth. The bunkhouse was in such position they could not hitch the team to the tongue, so they hitched the team to the rear of the bunkhouse, and as they pulled it out, the hard earth around the front wheels caused the tongue to swing around and strike and upset the barrel of paint. This same state of facts as to how the paint was destroyed was testified to by several witnesses, including B. K. and R. A. Bain, in the justice's court. It was shown by undisputed evidence that the market value of said paint was $2.54¼ per gallon. The undisputed evidence showed on the trial in the county court that R. A. and B. K. Bain, in moving said bunkhouse, were independent contractors under the Southwestern Bell Telephone Company. At the conclusion of the trial in the county court the judge of said court took the case under advisement, and afterwards, on January 29, 1927, rendered his judgment, but first, by prefacing his judgment by a finding that the case in the justice's court "was based upon a verified account," and that "the same pleadings were the basis of the suit in this court, * * * the court having withheld its rulings on the demurrers and exceptions until the plaintiff offered its testimony, and the testimony having fully established the fact that this was an action for damages for destruction of property, and was not a suit based on a verified account, sustained the denials and demurrers," etc., and rendered judgment for all the defendants. In other words, as shown by its judgment, the county court wholly ignored appellant's amended petition filed in the county court in passing upon the demurrer, and thereby denied its right to amend in the county court. This action of the court being shown by the record, it was not necessary that it be shown by an exception. Section 4, art. 2237, Revised Statutes 1925. This matter was properly raised in the motion for new trial and by a proper assignment of error. The court did not refuse to permit the appellant's amended petition to be filed. It was filed a month before the case was tried, is in the transcript and a part of the record. In view of the state of the pleadings and evidence in the justice's court as revealed by the record, I do not think it was necessary for appellant to amend in the county court, but it did so, and clearly pleaded a case for damages, and it clearly had the right to do so. It was not a question of a new cause of action, but of amending pleadings in the county court to conform to evidence adduced in the justice's court. Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139; Barnard v. Williams (Tex. Civ. App.) 166 S. W. 910;

McCaskill v. Clay (Tex. Civ. App.) 284 S. W. 643. It is thought all the assignments above discussed should be sustained.

Under appellant's sixth assignment and several appropriate propositions, appellant contends, in effect, the court erred in refusing to render judgment for it because the evidence, uncontroverted, entitled appellant to such judgment. It is thought this assignment also should be sustained and the judgment reversed and rendered for appellant against B. K. and R. A. Bain and Bain Transfer Company, but in favor of Southwestern Telephone Company.