**Affirmed and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00121-CR

### EDDIE IBARRA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1367286**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to aggravated robbery with a deadly weapon. The trial court sentenced appellant to confinement for 20 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In his first issue, appellant argues the trial court erred in sentencing him to 20 years in prison while assessing sentences of seven and eight years to his two co-

defendants.[1] In his second issue appellant asserts the trial court's sentence violates his due process rights under the Texas Constitution. In his third and final issue, appellant contends the trial court's sentence violates his right to be free from cruel and unusual punishment under the United States Constitution. U.S. CONST. amend. VIII.

We conclude that appellant failed to preserve his complaints for appellate review. Appellant made no objection to his sentence in the trial court, either at the time of sentencing or in any post-trial motion, on any grounds. Appellant did not lodge an objection under constitutional or other grounds to the alleged disparity, cruelty, unusualness or excessiveness of the sentence.

Constitutional claims can be waived by failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005). *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (stating that, as a general rule, appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App.1996) (failure to object on grounds of cruel and unusual punishment waives claim that sentence violated prohibition in Texas Constitution); *Curry v. State*, 910

---

[1] The pre-sentence investigation report reflects appellant previously was placed on juvenile probation for the offense of murder.

S.W.2d 490, 497 (Tex. Crim. App. 1995) (failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment); *Arriaga v. State,* 335 S.W.3d 331, 334 (Tex.App.—Houston [14th Dist.] 2010, pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits error); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object).

By failing to object to the trial court's sentence below, appellant has forfeited the complaints he now makes on appeal. Accordingly, we overrule appellant's issues and affirm the trial court's judgment.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).