

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00115-CV

_____

WILBERT CLEWIS, Appellant

V.

VALENCIA APARTMENTS D/B/A MEDERA RESIDENTIAL, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-009345-1

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Pro se appellant Wilbert Clewis lost his justice court case against appellee Valencia Apartments d/b/a Medera Residential and appealed de novo to the county court at law, which dismissed his claims for want of jurisdiction. We affirm.

Subject-matter jurisdiction is essential to a court's authority to decide a case. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018). Standing is a component of subject-matter jurisdiction. *Id.* It may be raised for the first time on appeal, and a court may—and if in doubt, must—raise standing on its own at any time. *Id.* Standing cannot be waived, and it requires a plaintiff to plead facts demonstrating that he—and not a third party—has suffered a concrete injury, that there is a causal connection between the injury and the defendant's conduct, and that there is a real controversy between the parties that will be resolved by the court. *Id.* at 484–85. Standing is a constitutional prerequisite to maintaining suit. *Tex. Dep't of Transp. v. Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). Without standing, a case must be dismissed for want of jurisdiction. *See, e.g.*, *Ellis v. Wildcat Creek Wind Farm LLC*, No. 02-20-00050-CV, 2021 WL 1134416, at *1, *3, *8 (Tex. App.—Fort Worth Mar. 25, 2021, no pet.) (mem. op.) (vacating trial court's judgment when appellants failed to demonstrate standing and dismissing the case for want of jurisdiction without reaching arguments on the merits).

The record before us here reflects that in June 2015, John Coleman, Lena Wiggins, and Harold Wiggins (collectively, the Residents) signed a lease for apartment

2

number 1322 in a complex owned by Medera. The Residents paid a security deposit of $429.50, and the lease they signed stated, "Security-deposit refund check and any deduction itemizations will be by . . . one check jointly payable to all [R]esidents and mailed to any one [R]esident [Medera] choose[s]" and that the Residents would be mailed the security-deposit refund, less lawful deductions and an itemized accounting of any deductions, no later than 30 days after surrender or abandonment of the apartment unless otherwise provided by law.

On July 29, 2016, Medera sent Coleman a letter stating that its records indicated that he had vacated the apartment on July 9, 2016, and that Medera was refunding $95.29 of his $429.50 security deposit. Medera's letter reflected the following items had been deducted from that deposit: $41.14 for rent, $20.42 for water, $28.16 for wastewater, $1.50 for trash, and $242.99 for damages.[1]

---

[1]Under the Property Code, if the landlord retains all or part of a security deposit, the landlord shall give to the tenant the balance of the security deposit, if any, "together with a written description and itemized list of all deductions." Tex. Prop. Code Ann. § 92.104(c). However, the landlord is not required to give the tenant a description and itemized list of deductions if the tenant owes rent when he surrenders possession of the premises and there is no controversy concerning the amount of rent owed. *Id.*

Clewis, who is not an attorney,[2] sued Medera twice in the justice court,[3] both times seeking recovery of funds withheld from the Residents' security deposit.[4] Nothing in the record before us shows that Clewis had standing to bring a claim for the return of a security deposit belonging to third parties. *Cf. Meyers*, 548 S.W.3d at 484–85.

The trial court dismissed Clewis's claims against Medera for lack of jurisdiction. Although the order purports to grant Medera's plea to the jurisdiction, in which Medera argued that Clewis's appeal from the justice court to the county court at law was untimely, the record reflects that Medera's plea to the jurisdiction should not have

---

[2]*See, e.g.*, *Clewis v. Safeco Ins. Co. of Am.*, No. 2-08-184-CV, 2009 WL 2414377, at *3 (Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op. on reh'g) ("Because Wilbert [Clewis] is not an attorney, he may not represent [his wife] Rose Mary on appeal.").

[3]Clewis did not appeal from the first justice court judgment, which was signed on September 25, 2017.

[4]According to other documents contained in the record, the Residents are Clewis's siblings. But while a non-attorney pro se party may represent himself, he generally may not represent another party. *See* Tex. R. Civ. P. 7 (stating that "[a]ny party to a suit may appear and prosecute or defend *his* rights therein, either in person or by an attorney of the court" (emphasis added)); Tex. R. Civ. P. 500.4(a) (stating that an individual in justice court may represent himself, may be represented by an authorized agent in an eviction case, or may be represented by an attorney); *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (stating that an individual must appear in person or by an attorney); *Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) ("Although a layperson has the right to represent [him]sel[f], a layperson does not have the right to represent others.").

been granted because Clewis timely filed his appeal de novo.[5]  However, the record also shows that the trial court did not err by dismissing Clewis's claims for lack of jurisdiction because Clewis lacked standing to bring them.[6]

Accordingly, the trial court did not err by dismissing Clewis's claims.  Without reaching the merits of the parties' arguments, we delete the inaccurate portions of the trial court's judgment referring to Medera's plea to the jurisdiction and affirm the dismissal judgment as modified.  *See* Tex. R. App. P. 43.2(b).

---

[5]In its plea to the jurisdiction, Medera based its argument on the day Clewis's notice of appeal was file-marked by the justice court, not on the day it was mailed.  *Cf.* Tex. R. Civ. P. 500.5(b) (justice-court mailbox rule).  Clewis pointed this out in his response to the plea and attached the certified mail receipt showing that he had placed his notice of appeal in the mail by the due date.  *See id.*  After a hearing on Medera's plea to the jurisdiction, at which Medera's counsel acknowledged that Clewis "ha[d] properly perfected the appeal," the case proceeded, and Medera moved for summary judgment.

[6]After Medera prevailed in the justice court, Clewis filed an appeal de novo in the county court at law and then attempted to amend his pleadings to include a claim for breach of lease and breach of a "Conciliation Agreement."  But parties on appeal from the justice court may amend their pleadings in the county court at law only if the amended pleadings do not set up a new cause of action or exceed the justice court's jurisdictional limits, the amount of which Clewis did not address in his amended pleading.  *See* Tex. R. Civ. P. 506.3; *Crumpton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ); *Humble Oil & Ref. Co. v. Sw. Bell Tel. Co.*, 2 S.W.2d 488, 489 (Tex. App.—Waco 1927, no writ).  To the extent Clewis could amend his pleadings to include these new claims, the record reflects that he was not a party to the Residents' lease, and his amended petition contained no factual allegations to support his standing as to the conciliation agreement or that Medera was a party to that agreement and breached it.  To the contrary, in his motion for new trial in the justice court, Clewis complains that the conciliation agreement that he claims the justice court judge admitted into evidence—but which is not contained in the record before us—"was not even signed by [Medera's] authorized [r]epresentative."

/s/ Brian Walker

Brian Walker
Justice

Delivered:  August 19, 2021